# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| CHRIS LINSCHEID, DAVID YORK, ) <br> and JOHN SAXBY on behalf of ) <br> themselves and all those similarly ) <br> situated who consent to representation, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NATUS MEDICAL INCOPORATED, ) <br> A California Corporation, ) <br> ) <br> Defendant. ) | Civil Action No.: <br><br> FLSA Action <br><br><br> Jury Trial Demanded |

## COLLECTIVE ACTION COMPLAINT

COME NOW Plaintiff Chris Linscheid (hereinafter "Plaintiff Linscheid"), David York (hereinafter "Plaintiff York"), and John Saxby (hereinafter "Plaintiff Saxby") (collectively "Plaintiffs") by and through their undersigned counsel, and file this Complaint against Defendant Natus Medical Incorporated (hereinafter "Defendant") on behalf of themselves and all others similarly situated, pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

## INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendant which have deprived Plaintiffs and those similarly situated of their lawful overtime wages.

2. Plaintiffs bring this action as a collective action on behalf of themselves and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. § 216(b).

3. Other current and former employees similarly situated of Defendant are also entitled to receive overtime compensation for the reasons alleged in this Complaint.

4. The above-named Plaintiffs may be permitted to maintain this action "for and on behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b).

5. Any similarly situated current or former employee of Defendant wishing to become a party plaintiff to this action must provide "his consent in

writing to become such a party," and such consent must be filed with this Court. 29 U.S.C. § 216(b).

6. This action is brought to recover unpaid overtime owed to Plaintiffs and other current and former employees of Defendant who are similarly situated to Plaintiffs, pursuant to the FLSA.

7. Plaintiffs and any collective group similarly situated were or are employed by Defendant working at various times during their employment by Defendant as Field Service Specialists or performing the duties of Field Service Specialist.

8. During the employment of Plaintiffs, and for at least three years prior to the filing of this Complaint in the case of any collective group similarly situated, Defendant committed widespread violations of the FLSA by failing to compensate employees at the legally appropriate overtime wage.

9. Plaintiffs and all similarly situated current and former employees of Defendant who elect to participate in this action seek unpaid overtime wages, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

11. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia.

## PARTIES

12. Plaintiff Linscheid resides in Griffin, Georgia, Spalding County, (within this District) and is a citizen of the United States.

13. During his employment with Defendant, Plaintiff York also resided in Griffin, Georgia. Plaintiff York currently lives in Pennsylvania and is a citizen of the United States.

14. Plaintiff Saxby resides in Hollywood Beach, Florida and is a citizen of the United States.

15. At all times material to this action, Plaintiffs and those similarly situated were "employees" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States. Plaintiffs and those similarly situated are further covered by §§ 203 and 207 of the FLSA for the period in which they were employed by Defendant.

4

16. Defendant is a corporation formed under the laws of the State of California.

17. Defendant conducts business within this State and District and throughout the country.

18. For purposes of this lawsuit, Defendant can be served through its registered agent, Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California, 95833.

19. Defendant maintained either actual or constructive control, oversight and direction of Defendant's Field Service Specialists and those performing the duties of Field Service Specialists, including the employment and pay and other practices.

20. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

21. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

22. Defendant sells computerized neurodiagnostic systems for areas of medicine including audiology, neurology, polysomnography, and neonatology to its customers throughout the United States.

23. Plaintiff Linschied was employed by Defendant as a Field Service Specialist from December 2008 through September 2, 2011.

24. Plaintiff York was employed by Defendant as a Field Service Specialist from February 2009 through December 2011.

25. Plaintiff Saxby was employed by Defendant as a Field Service Specialist from April 2003 through January 2010.

26. At all times relevant to this action, the primary duty of Plaintiffs and those similarly situated was to install, maintain, and repair computer equipment for Defendant's new and existing customers.

27. At all times relevant to this action, the primary duty of Plaintiffs and those similarly situated was not the management of the enterprise in which they were employed, nor of a customarily recognized department or subdivision thereof.

28. At all times relevant to this action, Plaintiffs and those similarly situated were not responsible for customarily and regularly directing the work of two or more other employees.

29. At all times relevant to this action, Plaintiffs and those similarly situated did not possess the authority to hire or fire other employees.

30. At all times relevant to this action, Plaintiffs and those similarly situated did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities they performed.

31. At all times relevant to this action, Plaintiffs and those similarly situated were non-exempt employees for purposes of overtime compensation.

32. Typically, Plaintiffs and those similarly situated were scheduled to work Monday through Friday at locations throughout the United States.

33. During a typical workweek, Plaintiffs and those similarly situated traveled to their assigned worksite on Monday and worked at the customer's site through Friday when they traveled back home.

34. During the workweek, in addition to working at the customer's site, Plaintiffs regularly worked several hours per week from their hotel rooms.

35. On weekends, Plaintiffs also worked from home performing duties such as creating expense reports and booking hotels, flights, and cars.

36. Plaintiffs and those similarly situated typically worked from 55-60 hours per week.

37. Plaintiffs and those similarly situated were salaried employees.

38. Plaintiff Linscheid's salary was $65,000 per year.

39. Plaintiff York's salary was approximately $65,000 per year.

40. Plaintiff Saxby's salary was approximately $82,000 per year.

41. Defendant was aware that Plaintiffs and those similarly situated worked over 40 hours per week to complete their work but did not compensate them pursuant to the requirements of the FLSA.

42. At all times relevant to this action, Defendant did not compensate Plaintiffs and those similarly situated for time worked in excess of forty (40) hours per week at a rate not less than one and one-half times the regular rate at which they were employed.

43. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiffs and those similarly situated.

44. Defendant failed to meet the requirements for paying Plaintiffs and those similarly situated at a rate not less than one and one-half times the regular rate at which they were employed, at which they were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

45. Defendant is liable to Plaintiffs and those similarly situated for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times their regular rate at which they were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

46. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiffs and those similarly situated have suffered damages plus incurring costs and reasonable attorneys' fees.

47. As a result of Defendant's failure to act with good faith in compensating Plaintiffs and those similarly situated, Plaintiffs and those similarly situated are entitled to liquidated damages.

48. Plaintiffs have retained the undersigned counsel to represent them and those that join this action, and pursuant 29 U.S.C. § 216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

49. Plaintiffs demand a jury trial.

## COUNT I

50. Plaintiffs repeat and incorporate by reference Paragraphs 1-49 herein. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

51. Defendant has willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime wage compensation to Plaintiffs and those similarly situated in accordance with §§ 203 and 207 of the FLSA.

52. As a result of Defendant's violations of the FLSA, Plaintiffs and those similarly situated have suffered damages by failing to receive overtime wages in accordance with §§ 203 and 207 of the FLSA.

53. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and those similarly situated.

54. As a result of the unlawful acts of Defendant, Plaintiffs and those similarly situated have been deprived of overtime compensation in an amount to be determined at trial and are entitled to recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation and relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons who will opt-in to this action, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiffs and all those that consent to representation be awarded damages for the three years preceding the filing of this Complaint in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiffs and all those that consent to representation be awarded pre- and post-judgment interest;

C. That Plaintiffs and all those that consent to representation be awarded reasonable attorneys' fees;

D. That Plaintiffs and all those that consent to representation be awarded the costs and expenses of this action; and

E. That Plaintiffs and all those that consent to representation be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 17th day of May, 2012.

MARTIN & MARTIN, LLP

By: /s/Kimberly N. Martin
　　　Kimberly N. Martin
　　　kmartin@martinandmartinlaw.com
　　　Georgia Bar No. 473410
　　　Thomas F. Martin
　　　tfmartin@martinandmartinlaw.com

11

Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-10170
(404) 313-5538/ (770) 837–2678 Fax